# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**NANCY R. LAMON,**

        **Petitioner,**

**v.**                              **Case No.    04-C-873**

**JODINE DEPPISCH, Warden,**
**Taycheedah Correctional Institution,**

        **Respondent.**

# DECISION AND ORDER

Nancy Lamon ("Lamon") filed a petition pursuant to 28 U.S.C. § 2254, alleging that the state's peremptory strike of a potential juror at her trial violated the test established in *Batson v. Kentucky*, 476 U.S. 79, 96-98 (1986). On August 23, 2005, this Court issued a decision and order dismissing Lamon's petition. Now, Lamon has filed an application for a certificate of appealability to appeal this Court's judgment.

The procedures governing the issuance of certificates of appeal for habeas petitions are found in 28 U.S.C. § 2253 and Rule 22 of the Federal Rules of Appellate Procedure. A petitioner can file an appeal only if "a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Fed. R. App. P. 22(b)(1). After the petitioner has filed a notice appeal, the district judge who adjudicated the petition must "either issue a certificate of appealability or state why a certificate should not issue." *Id*. The

appellant must specify those issues which substantially show the denial of a constitutional right. 28 U.S.C. § 2253(c)(2) & (3).

To obtain a certificate of appeal, the petitioner must show that reasonable jurors could debate whether the Court should have resolved the petition differently. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). However, the petitioner need not show that some jurists would have granted the petition. *Id.* at 338. Rather, the petitioner must demonstrate that a reasonable jurist could find the Court's resolution debatable or wrong. *Id.*

Lamon, in her application for a certificate, sets forth reasons why she believes reasonable jurors could find the Court's dismissal of her petition to be debatable. She claims that the Court gave undue deference to the state court's factual findings even though no formal *Batson* hearing was conducted in the state court. Furthermore, she contends that reasonable jurists could have found that the prosecutor's actions were evidence of wrongful discrimination. Lamon also points out that the Supreme Court of Wisconsin decision adjudicating her petition for review contained dissents arguing that her *Batson* claims were wrongly analyzed and remand was warranted.

Based on the foregoing, Lamon has sufficiently, specifically, and substantially identified those issues that justify her claim of a constitutional deprivation. Furthermore, she has established that reasonable jurists could differ on the proper resolution of her habeas petition.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

Lamon's application for a Certificate of Appealabiltiy (Docket No. 21) is **GRANTED**.

Dated at Milwaukee, Wisconsin this 7th day of October, 2005.

**BY THE COURT**

s/ Rudolph T. Randa
**Hon. Rudolph T. Randa
Chief Judge**